EXHIBIT TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

# CIVIL ACTION NO. 4:18-CV-00576

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL J. VEIT** | § § § | |
| **Plaintiff,** | § § | |
| V. | § § | CIVIL ACTION NO. 4:18-CV-00576 |
| **LYONDELL CHEMICAL COMPANY** | § § | JURY DEMANDED |
| **Defendant.** | § § § | |

### DECLARATION OF ANGELA SILVAGNOLI

I, Angela Silvagnoli, declare and state as follows:

1. "My name is Angela Silvagnoli. I am over 21 years of age, and I am fully competent to make this Declaration. I declare that all of the facts contained in this Declaration are within my personal knowledge, or are facts that I have investigated and confirmed acting in my capacity as an HRMS Analyst for Lyondell Chemical Company ("Lyondell" or the "Company"). I further declare that all of the facts I state in this Declaration are true and correct to the best of my knowledge.

2. I currently serve as an HRMS Analyst for Lyondell. Prior to becoming an HRMS Analyst, I was an HR Consultant for Lyondell. During Michael Veit's ("Veit" or "Plaintiff") employment with Lyondell, described in detail below, I was working for the Company as an HR Consultant. As an HR Consultant, I conducted investigations regarding allegations of harassment and workplace misconduct. Additionally, I became intimately familiar with the Company's equal opportunity policies. As such, I conducted an investigation into allegations of workplace misconduct regarding Veit's behavior. Additionally, I have personal knowledge regarding Veit's medical leave and return to work.

3. Lyondell, a subsidiary of LyondellBasell Industries, N.V., and its affiliated companies manufacture a variety of chemical products and refine various petroleum products, including gasoline, ultra-low sulfur diesel, jet fuel, aromatics and lubricants. Lyondell is an equal opportunity employer and adheres to all federal, state, and local laws and regulations to which it is subject. Lyondell maintains and strictly enforces an Equal Employment Opportunity Policy and a Harassment and Discrimination-Free Workplace Policy that prohibits discrimination, harassment, and retaliation against an employee for any reason, including based on disability and/or age.

4. Equistar Chemicals, LP ("Equistar"), a wholly-owned subsidiary of LyondellBasell N.V., owns and operates a facility in Corpus Christi, Texas, known as the Corpus Christi Complex,

which produces ethylene, propylene, and other fuel products. In 2013, Equistar announced plans to expand the existing ethylene cracker facilities at the Corpus Christi Complex (the "Expansion Project" or "Project"). Lyondell had to shut down the entire Corpus Christi Complex to complete the Expansion Project and coordinated the work to occur during a regularly scheduled maintenance turnaround (the "Turnaround"). Together, the Company referred to the Turnaround and the Expansion Project as the Corpus Christi Event (the "Event").

5. Lyondell hired Veit on August 26, 2014 to oversee the Expansion Project as the Associate Director, Projects within the Company's Global Projects Group. Veit was 65 years old when Lyondell hired him for this role. Veit's position was an M1 level, which is a highly compensated manager grade role within the Company. Veit's level and position at hire were the same position and level he held when he returned from medical leave and at his termination.

6. Shortly after Veit joined the Global Projects Group, the Company received complaints regarding his lack of leadership and behavior on the Project. Because of the numerous complaints regarding Veit's behavior and lack of leadership, I performed an investigation. I interviewed a number of individuals on the Project as part of my investigation. Most of the individuals I interviewed described Veit as a "bully" and "hard to work with." Additionally, several employees indicated that Veit instructed them on more than one occasion not to share pertinent information about the Project with their colleagues and contractors. My investigation also concluded that Veit demonstrated performance shortcomings in relationship building and interpersonal capability, teamwork, and managing engineering work.

7. On or about June 25, 2015, Veit suffered a heart attack and requested medical leave. Although Veit had not been employed by Lyondell long enough to be eligible for medical leave under the Family Medical Leave Act ("FMLA"), the Company allowed him to take 12 weeks of paid leave. Veit returned to work, with restrictions, on or about September 21, 2015. However, Veit's restrictions did not limit his ability to perform his duties as an M1 level Associate Director, Projects.

8. The Company terminated Veit on January 26, 2016, about a year and a half after it hired him and more than four months after he returned from medical leave. Veit was 67 years old when the Company terminated him. There were four Project Directors in the Global Projects Group, each of whom were M1 Level employees and whose ages at the time of Veit's termination were 72, 67, 65, and 54. The Company also terminated David Albosta ("Albosta") and Charles Follmer ("Follmer") at the same time it terminated Veit for similar performance issues related to cost overruns on the Project. At the time of termination, Albosta was 54 years old and Follmer was 45 years old.

9. I attended Veit's termination meeting with Mr. Stan Tripp ("Tripp") who, at the time, was the Director of the Global Projects Group. During that meeting, Tripp indicated that Veit's termination was the result of his poor performance, including his lack of leadership and behavior, while working as Associate Director, Projects for the Expansion Project.

I declare under the penalty of perjury that the foregoing is true and correct."

EXECUTED on the 28th day of August 2019.

_____
Angela Silvagnoli

EXECUTED on the 28th day of August 2019.

_____
Angela Silvagnoli